# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| In Re: David W. Wagner | : | Chapter 7 |
|  | : | No. 18-10071 |
| Debtor | : |  |
|  | : |  |
| David Hilderbrand, David Kiderman, | : |  |
| Ryan Detzel, Mark Miller, John Hart, | : |  |
| Andrew Hatch, Stephen Forden, Edward | : |  |
| Stefanides, Chad Decker, Timothy Caver, | : |  |
| Barry Keenan, William Koch, Jan Mosholt, | : |  |
| Ponce Kenton, Gregory Siuciak, Vince | : |  |
| Schuessler and Melissa Fitzpatrick | : |  |
|  | : |  |
| Plaintiffs | : |  |
|  | : |  |
| v. | : | A.P. No. 18- |
|  | : |  |
| David W. Wagner | : |  |
|  | : |  |
| Defendant | : |  |

## COMPLAINT

This complaint is brought for a determination that the Debtor should be denied a discharge under Bankruptcy Code (11 U.S.C. §101, *et seq.*) section § 727.

**Parties**

1. Plaintiff, David Hilderbrand ("Hilderbrand"), is an individual and a resident of El Dorado Hills, California.

2. Plaintiff, David Kiderman ("Kiderman"), is an individual and resident of New York City, New York.

3. Plaintiff, Ryan Detzel ("Detzel"), is an individual and resident of Highland Heights, Ohio.

1

4. Plaintiff, Mark Miller ("Miller"), is an individual and resident of San Clemente, California.

5. Plaintiff, John Hart ("Hart"), is an individual and resident of Centerville, Virginia.

6. Plaintiff, Andrew Hatch ("Hatch"), is an individual and resident of Norwich, Connecticut.

7. Plaintiff, Stephen Forden ("Forden"), is an individual and resident of Princeton, New Jersey.

8. Plaintiff, Edward Stefanides ("Stefanides"), is an individual and resident of Canfield, Ohio.

9. Plaintiff, Chad Decker ("Decker") is an individual and resident of Slatington, Pennsylvania.

10. Plaintiff, Timothy Caver ("Caver"), is an individual and resident of Missouri City, Texas.

11. Plaintiff Barry Keenan ("Keenan") is an individual and resident of Valencia, California.

12. Plaintiff, William Koch ("Koch"), is an individual and resident of Narberth, Pennsylvania.

13. Plaintiff, Jan Mosholt ("Mosholt"), is an individual and resident of Cary, North Carolina.

14. Plaintiff, Ponce Kenton ("Kenton"), is an individual and resident of Boulder, Colorado.

15. Plaintiff, Gregory Siuciak ("Siuciak"), is an individual and resident of Sewickley, Pennsylvania.

16. Plaintiff, Vince Schuessler ("Schuessler"), is an individual and resident of Naples, Florida.

17. Plaintiff, Melissa Fitzpatrick ("Fitzpatrick"), is an individual and resident of Chapel Hill, North Carolina. Hilderbrand, Kiderman, Detzel, Miller, Hart, Hatch, Forden, Stefandes, Decker, Caver, Keenan, Koch, Mosholt, Kenton, Siuciak, Schuessler and Fitzpatrick are referred to herein as, the "Plaintiffs".

18. Defendant, David W. Wagner (the "Debtor" or "Mr. Wagner"), is the debtor before this Court in the above-captioned case, having filed a chapter 7 petition for relief with this Court on January 17, 2018.

**Jurisdiction**

19. This adversary proceeding is within this Court's jurisdiction pursuant to the provisions of 28 U.S.C. §§157 and 1334 and the provisions of Local Rule LR Gen 109 (Bankruptcy) of the United States District Court of Rhode Island, and is a core proceeding under 28 U.S.C. § 157 (b)(2)(J).

**Statement of Case**

20. The Plaintiffs are objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and (5). They reserve the right to amend this Complaint to provide further bases for objecting to the Debtor's discharge, including, without limitation, based on what is disclosed, produced or not produced in responses to request for information made to the Debtor.

21. The Plaintiffs are creditors in this case, holding certain claims and causes of actions against the Debtor and entities owned and/or controlled by the Debtor, including those referenced in Adversary Proceeding 18-ap-01035 commenced on April 20, 2018.

**Facts**

22. On January 1, 2018, the Debtor filed a chapter 7 petition with this Court, following which a Bankruptcy Code § 341 meeting was scheduled and held on February 22, 2018. The 341 Meeting was held continued to March 27, 2018, and continued and further held on May 23, 2018. Due to the Debtor having failed to provide all requested information, documents and other papers, the Trustee further continued the 341 Meeting to June 20, 2018, but this had to be further continued because the Trustee was still awaiting requested information, documents and other papers.

23. At the May 23, 2018 continued 341 Meeting, the Debtor was asked numerous questions regarding his financial status, condition and circumstances prior to the bankruptcy, as well as the financial status, condition and circumstances of entities he owned, controlled and/or in which he was affiliated or otherwise involved.

24. At that time, the Debtor stated he did not have certain financial information, records and papers available to provide important information about certain transfers of assets from either himself or his related companies to others.

25. Specifically, the Trustee inquired about large deposits coming to/from the Debtor's personal or business related accounts, with the Debtor responding he was unsure of why the transfer occurred and had no documentation to support where the questioned transfer was coming from or going to.

**Count I**
**(Objection to Debtor's Discharge Pursuant to Code § 727(a)(3))**

26. The Plaintiffs restate the allegations contained in paragraphs 1 through 25 of their

4

Complaint as if fully set forth herein.

    27.    Bankruptcy Code § 727(a)(3) provides that:

        (a)    The court shall grant the debtor a discharge, unless . . .

        (3)    the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under all of the circumstance of the case.

    28.    From the Debtor's 341 Meeting testimony, it is evident that the Debtor has failed to keep or maintain financial records that are necessary to ascertain his financial condition, including the reasons for and details surrounding and associated with certain questioned and inquired about transfers.

    29.    By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727 (a)(3).

### Count II
### (Objection to Debtor's Discharge Pursuant to Code § 727(a)(5))

    30.    The Plaintiffs restate the allegations contained in paragraphs 1 through 29 of their Complaint as if fully set forth herein.

    31.    Bankruptcy Code § 727(a)(5) provides that:

        (a)    The court shall grant the debtor a discharge, unless . . .

        (5)    the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

    32.    The Debtor's schedules to his petition indicate that the Debtor has assets totaling

$10,271,384.60 and liabilities of $2,270,801.79. His assets, however, now appear to have considerably less value than has been represented by him in such schedules.

33.     The Debtor has failed to satisfactorily explain the loss of certain assets through such unexplained transfers and otherwise and the deficiency of assets to meet his liabilities.

34.     The Plaintiffs reserve the right to amend this complaint to include other claims and causes of action under Bankruptcy Code § 727 based on what is recovered and provided, or not, through future 341 Meeting testimony and information, documents, papers and statements provided during discovery.

WHEREFORE, The Plaintiffs pray that the Court determine, declare and enter judgment for the Plaintiffs under Code §727 as follows:

A.     That pursuant to Bankruptcy Code § 727(a)(3) the Debtor not be granted a discharge;

B.     That pursuant to Bankruptcy Code § 727(a)(5) the Debtor not be granted a discharge; and

C.     For such other and further relief as the Court deems just.

                            David Hilderbrand, David Kidermen, Ryan Detzel, Mark Miller, John Hart, Andrew Hatch, Stephen Forden, Edward Stefanides, Chad Decker, Timothy Caver, Barry Keenan, William Koch, Jan Mosholt, Ponce Kenton, Gregory Siuciak, Vince Schuessler and Melissa Fitzpatrick

By their Attorneys,

July 23, 2018

*/s/ Matthew J. McGowan and Elizabeth A. Lonardo*
Matthew J. McGowan, Esquire (Bar No. 2770)
Elizabeth A. Lonardo, Esquire (Bar No. 7714)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
401.274.0300
mmcgowan@smsllaw.com
elonardo@smsllaw.com

F:\contents\Wagner\Bankruptcy\Hilderbrand Et Al\Complaint for 727\Non-Disch-Complaint 727 EAL.docx