## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

IN RE:
DAVID W. WAGNER                                    :          BK. NO. 18-10071
        Debtor                              :          CHAPTER 7

### TRUSTEE'S RESPONSE TO DEBTOR'S
### OBJECTION TO CLAIMS

Now comes Stacy B. Ferrara, Chapter 7 Trustee in the above matter, and hereby responds
to the fifty (50) Objections to claims (#2, 3, 4,5,6,7, 8,10,11,12,13,16,19,20,22,23,24,25,26,27,
28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 40, 41, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59,
60, 61, 62, 63 and 64 (collectively the "Claims")) filed by the Debtor pursuant to Fed. R. Bankr. P.
3007. The Claims, as filed, generally seek payment for unpaid wages, unpaid compensation, and
reimbursements, and for the return of funds allegedly obtained through the fraud of the Debtor.
The Debtor has filed blanket objections to the Claims asserting they are: a.) not an obligation of the
Debtor as he did not personally employ each Claimant; b.) do not attach any documentation in
support of each Claim, nor do they include a summary of each claim; and c.) the Debtor has not
committed any fraud against the claimants. Of the fifty (50) Objections to the Claims that have
been filed, 20 of the claimants have filed complaints against the Debtor objecting to the discharge
of their debt pursuant to 11 U.S.C. §523 or §727 based in full, or part, on the Debtor's alleged
fraud. (The Debtor has raised similar defenses in those proceedings asserting the debt so alleged is
not the obligation of the Debtor.) The remainder of the fifty (50) claimants appear to be
unrepresented by counsel.

The Trustee has conducted numerous Creditors' Meetings in this matter, but has not yet
concluded said Meeting as the Trustee and her counsel have made numerous requests for

1

information and documentation from the Debtor that remain unsatisfied. The next, and hopefully

last, Creditor's Meeting is scheduled for February 13, 2019. The Debtor has testified under oath

that he filed his bankruptcy pro se, and prepared his own original schedules and Statement of

Financial Affairs (Doc 15) on January 15, 2018 (the "Doc 15"). He acknowledge that he signed

Doc 15 under the pains and penalties of perjury, and that the contents were true and accurate to the

best of his knowledge. Substantially all of the aforementioned Claims were scheduled on Doc 15

by the Debtor as "contingent" "Debt incurred by him" with an "unknown" balance. Not one of the

aforementioned Claims were scheduled by the Debtor on Doc 15 as <u>"disputed debts,</u> or as <u>joint

debts</u> with other obligors. After engaging experienced bankruptcy counsel, engaging a second

counsel, having the benefit of reviewing several proof of claims, reviewing several Adversary

Proceedings filed against him, and giving testimony at several Creditors' Meetings, the Debtor

amended Doc 15 on November 1, 2018 (the "Amendment"). At that time, the Debtor failed to

remove from his Schedules the fifty (50) Claims he now disputes because these claimants were not

actually creditors of his.   Nor did the Amendment assert that he actually disputed the scheduled

debt. The Debtor is now asserting that he has no personal liability for all fifty (50) claims, and any

liability for the Claims is that of the various entities owned or controlled by him and his family.

Through testimony obtained at the Debtor's Creditors' Meetings, the Debtor has testified

that he and or members of his immediate family held interests in over a dozen entities pre-petition,

many of which were incorporated in Delaware and states other than Rhode Island. The Debtor

admits that for a substantial number of these entities, he managed and controlled operations as well

as had signature authority over their respective bank accounts. Many of the entities were either

defunct, or otherwise had their corporate charters revoked as of the date of the bankruptcy filing.

The Debtor further testified that employees were hired at his direction. As substantial number of the Claims assert that as a condition of employment, the Debtor solicited, and the claimants paid, at the direction of the Debtor, substantial sums to entities in which the Debtor or his family members held an interest, and exclusively controlled. Upon information and belief, only one of entities in which the Debtor held an interest, produced or sold a product, or had any sales of any kind. Rather, all of the income/investments paid into these entities were from private investors and/or employees. The sums raised were used, among other things, to pay the operating expenses of the entities, including but not limited to compensation of employees and operating expenses of the entities, as well as "Management Fees" due the Debtor and/or entities controlled by the Debtor.

Subpoenaed bank records obtained by the Trustee indicate that substantial funds paid to these entities by the holders of the Claims were, at the direction of the Debtor, used to pay the personal living and entertainment expenses of the Debtor, and his family members, and were also transferred to other entities owned and controlled by the Debtor and his family. The Debtor has testified either there are minimal accounting records evidencing the payment of the "Management Fees" or the records, if they existed, are now missing. Substantially all of the Claims to which the Debtor has objected assert that they have been defrauded by the Debtor as their funds were solicited by the Debtor and paid to entities owned and or controlled by the Debtor at the direction of the Debtor.

Pursuant to 11 U.S.C. §502 (a), a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects. Objections to a claim must be filed in good faith, and are subject to the requirements of Fed.R.Bankr.P.9011(b).   See: In re MacFarland, 462 B.R. 857 (Bkrtcy S.D. Fla 2011). Fed. R.Bankr.P 9011(b) provides that when

3

filing a:

> "petition, pleading, written motion or other paper, an attorney"... "is certifying that to the best of the person's knowledge, information and belief, <u>formed after an inquiry under the circumstances,</u> (emphasis added)

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenders, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidential support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief."

Upon the filing of each of the Claims to which the Debtor has objected, the undersigned, or her counsel, have communicated with substantially all Claimants, and have requested that each provide documentation to support each claim. The Trustee and her counsel have received extensive documentation for the basis of each of the Claims including copies of pleadings filed in various courts throughout the country. The Debtor fails to allege in his objections that he has communicated with the Claimants, or has conducted his own due diligence regarding the basis of the Claims to which he has objected. To fail to do so, flies in the face of the obligations and intent of Fed. R. Bankr. P 9011(b).

Considering the fact that the Debtor originally scheduled each of the Claims on his sworn bankruptcy schedules as "contingent," and not as "disputed," and considering the Debtor has not even alleged that he or his counsel has attempted to request additional support for each of the Claims to which he has objected, the undersigned asserts that the Objections before this Court

should be overruled as they violate Fed. R. Bankr. P 9011(b).   The Trustee asserts this objection

to the Debtor's Objections to the Claims for the protections of the claimants, many of which are

proceeding pro se, and reserves her right to amend her Objection as documents are subsequently

obtained to seek sanctions forthwith.

WHEREFORE, for the foregoing reasons, the Trustee respectfully Objects to the Debtor's

Objection to the Claims referenced herein; requests that the resolution of said Objections be held in

abeyance until such time as the Trustee concludes the Meeting of Creditors, completes her

discovery in association therewith; and this Court renders a final decision as to the adversary

proceedings filed by several of said Claimants asserting Objections to Discharge; and grant such

other and further relief as this Court deems just and appropriate.

<div style="margin-left:50%">

Respectfully submitted,
/s/ Stacy B. Ferrara
STACY B. FERRARA, Trustee
Nolan, Brunero, Cronin & Ferrara, Ltd.
1070 Main Street
Coventry, RI 02816
Telephone:     (401) 828-5800
Facsimile:      (401) 823-3230
Email:                 sferrara@ndgrb.com

</div>

Dated: January 22, 2019

5

ADMINISTRATIVE GENERAL ORDER-- FORM   B

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - - - - - - - *
In re:                                  :
**DAVID W. WAGNER**          :               BK No.   18-10071
           Debtor            :               Chapter 7
- - - - - - - - - - - - - - - - - - - - - - - - *

## CERTIFICATE OF SERVICE

I hereby certify that on <u>**January 22, 2019**</u>, I electronically filed ***Trustee's Response to***

***Debtor's Objections to Proof of Claims*** with the Clerk of the Bankruptcy Court for the District of

Rhode Island using the CM/ECF System.   The following participants have received notice

electronically:  **US Trustee; Russell D. Raskin; Catherine V. Eastwood; Elizabeth A.**

**Lonardo; Peter J. Furness; Matthew J. McGowan; Charles A. Pisaturo, Jr.; Jeffrey C.**

**Ankrom; Joseph A. Farside, Jr; Vincent A. Indeglia; and Lynda L. Laing** and I hereby certify

that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of

the Notice of Electronic Filing to the following non CM/ECF participants to all parties on the

attached matrix, and the following:

American Express National Bank                Craig R. Jalbert
c/o Becket and Lee LLP                        Verdolino & Lowey, P.C
PO Box 3001                                   124 Washington Street
Malvern, PA 19355-0701                        Foxboro, MA 02035

State of RI - Division of Taxation            Craig S. Tarasoff, Esq.
RI Division of Taxation                       on behalf of Plaintiff Jay Pila
Bankruptcy Unit                               Liddle & Robinson, LLP
One Capitol Hill                              800 Third Avenue
Providence, RI 02908-5800                     New York, NY 10022

Jeffrey Rice                                  Edward Howley
46 Highland Road                              2146 Cricket Lane
Boxford, MA 01921                             Columbiana, OH 44408

6

Jacqueline Ortiz, Esq.
Askew & Mazel, LLC
1122 Central Avenue S.W
Albuquerque, NM 87102

Brett Giffin and Equity Trust Company
Custodian FBO Brett Giffin IRA
46 Lake Drive
Mountain Lakes, NJ 07046

Greg Auda
c/o Jacqueline Ortiz, Esq.
1122 Central Avenue S.W
Albuquerque, NM 87102

William G. Flecky
4613 Phillips Pl
Centennial, CO 80122-3910

Bret Raper and The Entrust Group FBO
Jarrod Bret Raper IRA 7230013101
56 Hancock Road
Franklin, MA 02038

Lynnea Raper and The Entrust Group FBO
Lynnea Raper IRA 7230013102
56 Hancock Road
Franklin, MA 02038

Rob Kloecker
535 East North Avenue
Lake Bluff, IL 60044

Debra Lang
7640 Crosswind Court
Lakeville, MN 55044

Stephen G. Post
129 Main Street, Box 1516
Stony Brook, NY 11790

Michael Grumbine
1319 Bernardo CT NE
Albuquerque, NM 87113

Jonathon Cutler
3315 Ross Place, NW
Washington, DC 20008

Warner C. Pyne, II
162 Center Road
Woodbridge, CT 06525-1838

Scott A. Lehigh
219 Meadowfield Lane
Jefferson Hills, PA 15025

Jarrod Bret Raper
135 York Street
Canton, MA 02021

Lynnea Raper
135 York Street
Canton, MA 02021

David Stalder and Equity Trust Company
Custodian FBO David J. Stalder IRA
1900 Highgate Road
Upper St. Clair, PA 15241

Michael Shaut
20600 Chagrgin Boulevard, Suite 470
Shaker Heights, OH 44122

Ronald W. Page
82 Crestone Way
Castle Rock, CO 80108

7

Michael E. Bee Trust dtd 10/20/2003
2516 Marlboro Road
Cleveland Heights, OH 44118

Eric Hassman
c/o Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907

CAC, LLC
c/o Rod Dammeyer
4350 LaJolla Village Drive, Suite 320
San Diego, CA 92122

Harold Albert Strandquist
40 S Deep Lake Road
St. Paul, MN 55127

George A. Robbie
340 Fallen Leaf Lane
Roswell, GA 30075

Blum Shapiro
c/o Lynda Laing, Esq.
One Davol Square, Suite 305
Providence, RI 02903

Shane Hawes
4316 Branson Street
Edina, MN 55424

Blish & Cavanagh, LLP
39 Exchange Terrace
Providence, RI 02903

Jim Fries
101 Aaron Way
North Wales, PA 19454

Marc Lawrence
34 Lyonia Lane
Santa Rosa Beach, FL 32459

William W. Murfey FBO Mary V. Murfey
SG, care of Corning Advisors
200 Public Square No. 2005
Cleveland, OH 44114

Ben Khosravi
8100 Gaylord Parkway
Unit 1224
Frisco, TX 75034

Henry Boland Howard
1200 Brickell Avenue, Suite 310
Miami, FL 33131

Matthew J. McGowan, Esq.
321 South Main Street, Suite 301
Providence, RI 02903

Christopher DeVito, Esq.
Morgenstern McAdams
623 W. St. Clair Avenue
Cleveland, OH 44114

Dennis Doane and Equity Trust Company
Custodian FBO Dennis Doane IRA
3760 Casey Key Road
Nokomis, FL 34275

Thomas N. Hickman
1520 Christina Lane, Unit 110
Raleigh, NC 27607

Brent Barbara and Pinecrest Holdings, LLC
63 Pinecrest Drive
Woodcliff Lake, NJ 07677

Kevin M. Daley, Esq.
Daley Orton, LLC
1383 Warwick Avenue
Warwick, RI 02888

8

Wesley Holdings, Ltd.
30100 Chagrin Boulevard, Suite 301
Pepper Pike, OH 44124

Glenn Haufler
8 Walnut Street
Acton, MA 01720

Elizabeth A. Lonardo, Esq.
321 South Main Street, Suite 301
Providence, RI 02903

Gregory Siuciak
265 Thorn Street
Sewickley, PA 15143

Jan Mosholt
7041 Copperleaf Place
Cary, NC 27519

Timothy Caver
10 Iron Rise Court
Missouri City, TX 77459

Melissa Fitzpatrick
909 Bayberry Drive
Chapel Hill, NC 27517

Ryan Detzel
5489 Turnberry Lane
Highland Heights, OH 44143

Mark Miller
2106 Colina Del Arco Iris
San Clemente, CA 92673

David Kiderman
240 E. 82nd Street, Apt. 5E
New York, NY 10028

Alexis C. Beachdell, Esq.
127 Public Square, Suite 2000
Cleveland, OH 44114

Barry Keenan
26949 Redwood Bluff Lane
Valencia, CA 91381

Ponce Kenton
7444 Augusta Drive
Boulder, CO 80301

Vince Schuessler
333 Gulf Shore Boulevard, North #6
Naples, FL 34103

William Koch
414 Haverford Avenue
Narberth, PA 19072

Andrew Hatch
19 Andrea Lane
Norwich, CT 06360

Chad Decker
3535 Timber Lane
Slatington, PA 18080

John Hart
5810 Ridings Manor Place
Centerville, VA 20120

David Hilderbrand
6054 Toscana Loop
El Dorado Hills, CA 95762

Brian Woodbury
2017 Westbourne Way
Johns Creek, GA 30022

/s/ Maura E. Lavin